## YATES v. BLYTHE et al.
### No. 13211.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 21, 1934.

Rehearing Denied Feb. 1, 1935.

**914**

C. T. Gettys and H. G. Woodruff, both of Decatur, for appellant.

Benson & Benson, of Bowie, and H. E. Lobdell, of Decatur, for appellees.

LATTIMORE, Justice.

Appellee is the community survivor by appointment of the probate court of E. W. Blythe who purchased picture show equipment from appellant Yates in April, 1934; Yates agreeing not to re-enter the show or theater business in Decatur, Tex., for ten years "as affects said Blythe or his estate." Appellee leased for one year the show to appellee Stallings for a fixed money rent, and assigned to him Yates' agreement not to compete. Yates has re-entered the show business in Decatur. The lease to Stallings is still in effect. The trial court granted a temporary injunction restraining Yates from operating his picture show, from which this appeal is taken.

Yates has contracted not to go into the show business "as affects said Blythe or his estate." We take it that this ambiguous language means "to the financial injury" of Blythe's estate. No facts are alleged which show injury. Mrs. Blythe gets money rent for a year. She gets that whether Stallings' show pays or not. There are some allegations that the city of Decatur cannot support two picture shows, and also that Stallings will not renew his lease. These are too speculative to be the basis of this remedy. Stallings may get the patronage instead of Yates. He must pay the same rent to Blythe's estate whether he does or not. No one knows what the situation will be as to the renewal of the lease one year from now.

Stallings is the assignee of the contract with Yates. It is stated in Malakoff Gin Co. v. Riddlesperger, 108 Tex. 273, 192 S. W. 530, that Riddlesperger made an agreement not to compete with the Malakoff Gin Company as a part of a sale by Riddlesperger. The gin company was then a partnership. It afterwards incorporated, maintaining substantially the same stockholders as had been before the partners and the partnership transferred all assets, including the Riddlesperger contract, to the corporation having the same name. The Supreme Court said, "The chose in action" could be "assigned in this way,"

without any statement as to what the determinative feature of that "way" was. However, in Dittman v. Model Baking Co., 271 S. W. 75, the Commission of Appeals cites it as holding that the real identity of the assignor and assignee being substantially the same is the distinguishing characteristic. In Montgomery v. Creager (Tex. Civ. App.) 22 S.W. (2d) 463, the court held that the purchaser of a filling station could not be held to an exclusive gasoline buying contract made by his vendor. Of course the defending party there was the alleged obligee while here he is the obligor. But the point is, as there pointed out, that this covenant is not one which runs with equipment sold to Blythe, but is personal to "Blythe or his estate." We do not believe that Stallings, as assignee, can enlarge Yates' contract, even if he can enforce it. It is still "as affects Blythe or his estate." The assignment cannot change the contract to read "as affects Stallings or his estate."

The judgment of the trial court is reversed, and the temporary injunction granted is ordered dissolved.