## MRS. JEWELL BLYTHE ET AL. V. L. V. YATES.

No. 6896.   Decided October 16, 1935.
(86 S. W., 2d Series, 219.)

*Benson & Benson,* of Bowie, and *H. E. Lobdell,* of Decatur, for plaintiffs in error.

*C. T. Gettys and H. G. Woodruff,* both of Decatur, for defendant in error.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

Prior to April 20, 1934, E. W. Blythe and L. V. Yates owned certain picture show equipment used in the Majestic Theatre, located in Decatur, Texas. On that date Blythe purchased from Yates, that portion of the equipment owned by the latter, under written contract, the last clause of which reads as follows: "The said Yates hereby binds himself to not directly or indirectly engage in the show or theatre business in Decatur, Texas, for a period of ten years from this date, *as affects said Blythe or his estate.*"

About October 1, 1934, after Blythe's death and after Mrs. Jewell Blythe had qualified as survivor in community of the estate of herself and her deceased husband, she leased the equipment in question to P. S. Stallings, who immediately took

charge of its operation. The lease contract was for a term of twelve months with option to continue the lease for an additional twelve months.

About the date last above mentioned, L. V. Yates began the erection and equipment of a moving picture show or theatre in the town of Decatur, whereupon Mrs. Jewell Blythe (individually and as such community survivor), and P. S. Stallings filed their petition in the District Court of Wise County, seeking to enjoin Yates from erecting and operating such a show and for damages in connection therewith.

After full hearing, the trial judge granted a temporary injunction restraining Yates from operating his picture show, which order was reversed and the temporary injunction dissolved by the Court of Civil Appeals. 79 S. W. (2d) 913.

Writ of error was granted by the Supreme Court.

It is now made to appear, that since the granting of the writ of error, the property in question has been conveyed by Mrs. Jewell Blythe for herself and as community survivor of E. W. Blythe, deceased, to the Wade-Tex Theatre of Gainesville, Texas, and that Stallings, the tenant and co-plaintiff with her herein, has surrendered possession to said vendee, who is now in full control and operation thereof; Mrs. Blythe and Stallings have, therefore, no further concern or interest therein.

The subject matter of this litigation having become moot, the cause is dismissed at the cost of plaintiffs in error. Thompson & Co. v. City of San Antonio, 44 S. W. (2d) 972; Thompson & Co v. City of San Antonio, 38 S. W. (2d) 784; Bell v. Lucas, 34 S. W. (2d) 356.

Opinion adopted by Supreme Court October 16, 1935.