PHILLIPS et al. v. OIL, Inc., et al.

No. 1647.

Court of Civil Appeals of Texas. Eastland.

March 19, 1937.

Rehearing Denied April 9, 1937.

Wynne & Wynne, of Longview, for appellants.

W. H. Sanford, of Dallas, and Carl W. Wade, of Longview, for appellees.

GRISSOM, Justice.

On July 7, 1931, B. F. Phillips and P. L. Hoffman entered into a written contract in which it was recited that Phillips owned oil and gas leases on three tracts of land, and that Hoffman, who was engaged in the business of drilling and producing oil, had agreed to develop said tracts by drilling a test well on each of them at his expense, in consideration of a conveyance subsequently to be made by Phillips to Hoffman of an undivided ½ interest in each of the three leases. It was stipulated that after the completion of the three wells by Hoffman that the interest of Phillips (except a royalty interest retained by Phillips in a 16⅔-acre tract which was owned by Phillips in fee) was to become a working interest, responsible for its pro rata part of the operating and production expenses.

This development contract contained the following provisions:

(1) "The said Hoffman agrees and obligates himself, his heirs and *assigns,* in consideration of the assignment and conveyances to him of said undivided one half (½) interest in and to said leasehold estates, to drill, equip and complete three test wells for oil and/or gas upon said tracts of land."

(2) "P. L. Hoffman shall at all times retain and have complete operation of said properties, but Phillips and Hoffman shall have full and joint authority to sell the production therefrom."

Hoffman performed his contract for drilling the three test wells and Phillips executed and delivered to him an oil and gas lease on a 16⅔-acre tract conveying "an undivided 7/16ths of the oil, gas and other minerals produced from said tract"; Phillips retained a like 7/16 interest, plus his royalty interest therein, which royalty interest it was agreed should "in no way be a part of the working interest." The oil and gas lease from Phillips to Hoffman contained a provision that "P. L. Hoffman and B. F. Phillips, their heirs and *assigns* are to pay their pro rata part of all operating expenses, including future drilling and development expenses on each of said leases, all of such expenses to be agreed upon by the parties and where the work is done by either of them bills are to be rendered every thirty (30) days. P. L. Hoffman shall have the operations of said oil, gas and mineral lease covering the above described land, but B. F. Phillips and P. L. Hoffman shall jointly sell the production therefrom, save the ⅛th royalty which is to be delivered to B. F. Phillips. * * *" Phillips also executed and delivered to Hoffman assignments of an undivided ½ interest in oil and gas leases on a 20 and a 10-acre tract; both of said assignments were in the usual form, running to Hoffman, his heirs and assigns.

Thereafter, Hoffman conveyed and assigned to R. G. Trippett et al. his then remaining ⅜ interest in said three oil and gas leases, "together with every right and privilege as to the management and operation of said leases and oil wells thereon given and granted me [Hoffman] in said contract with the said B. F. Phillips of said July 7, 1931, and in said assignments and conveyances. * * *" Trippett et al. then conveyed all rights and interest acquired from Hoffman to Oil, Inc. Oil, Inc., created and assigned to G. S. & I. Corporation a payment of $150,000 to be paid out of ¼ of ⅞ of all the first oil produced and marketed from the three tracts.

Phillips et al. filed this suit against Oil, Inc., et al. for a partition in kind of the respective interests in said property and to take from defendant Oil, Inc., the operation and management of said leases. Defendant Oil, Inc., answered that the property was not capable of being partitioned in kind. It asserted the assignability of the right of operation of the leases given to Hoffman in his contract with Phillips and alleged that it was the owner of said right. It prayed for a decree establishing its sole right of operation and · enjoining plaintiffs from interfering therewith. All parties in open court opposed a partition by sale of the property and division of the proceeds.

The trial was to the court. It entered judgment decreeing the property incapable of being partitioned in kind, awarded the right of operation of the leases to Oil, Inc., and enjoined plaintiffs from interfering therewith. Plaintiffs and the defendant A. O. Phillips have appealed.

■ Appellants' second proposition is that, "The trial court erred in refusing to partition the properties involved because the undisputed testimony showed that it was possible to determine the share of minerals that each party was entitled to."

Plaintiffs' suit for partition in kind, as we understand it, sought to have the interest of each party partitioned to such individual owner. In the prayer this language is found: "That the court determine and adjudge to each party plaintiff and defendant their respective interest in said properties. * * *"

Plaintiffs' expert, Hudnall, testified that, in his opinion, it was possible for the leases to be partitioned in kind between the two opposing *groups* of owners, setting aside to one group a ⅝ and to the other a ⅜ interest. There was no testimony that the property could be fairly partitioned in kind awarding to each *individual* owner his interest in the leases.

There was testimony either requiring or permitting the court to arrive at the following conclusions: The tracts were not contiguous and the conditions were not identical in any two tracts. The three leases are not in the same situation with reference to the depth to the top of the sand below sea level, nor with reference to possibilities of encroachment of salt water; in this territory the oil sand varies in thickness; the variation is not uniform; the porosity of the sand is not uniform.

The number of producing wells on the respective leases and the ownership is as follows: The 20-acre tract has five producing wells. It is owned in the following proportions:

Henshaws ...................... ⅛th
B. F. Phillips .................... ⅘ths
Oil, Inc. ........................ ⅜ths

The 10-acre tract has two producing wells. It is owned in the following proportions:

Henshaws ........................ ⅛th
B. F. Phillips .................... ⅖ths
A. O. Phillips .................... ⅖ths
Oil, Inc. ........................ ⅜ths

The 16⅔-acre tract has three producing wells. The leasehold estate is owned in the following proportions:

Henshaws ...................... ⅛th
Oil, Inc. ........................ ⅜ths
B. F. Phillips .................... ⅘ths

(This is the tract owned in fee by Phillips and out of which he conveyed to Hoffman a ⁷⁄₁₆ of the oil, gas, and other minerals.)

Considering the matters above mentioned, together with the evidence showing the difference in production and diversity of ownership and proportions thereof, we think Hudnall's testimony at most raised a question of fact for the determination of the trial court as to whether the property was fairly susceptible of partition in kind among the individual owners. Under such situation, the finding of the trial court cannot be disturbed by an appellate court. Under article 6082, Rev.St., and recent decisions, had the suit been an ordinary one for partition, plaintiffs might have been entitled to some kind of partition as a matter of right, but we have here a suit only for partition in kind with all parties opposing a partition by sale. Certainly the testimony made it a question of fact as to whether a fair and equitable partition in kind could be had: This fact was decided by the trial court against appellants. Thraves v. Hooser (Tex.Com. App.) 44 S.W.(2d) 916.

Appellants' first proposition is: "The court erred in holding the operating agreement and contract made by Phillips with Hoffman was assignable because the undisputed evidence showed that Phillips, at that time, an inexperienced party in the

oil business, had made the contract with Hoffman because Hoffman was an experienced oil operator and had an excellent reputation for straight dealing, and because of his personal trust and confidence in Hoffman."

In the development contract it was provided "the said Hoffman agrees and obligates himself, his heirs and *assigns* in consideration of the assignment and conveyances to him of said undivided one half (½) interest in and to said leasehold estate, to drill, equip and complete three test wells for oil and/or gas upon said tracts of land." After Hoffman had drilled the three test wells, Phillips executed and delivered to Hoffman the three instruments mentioned. The assignments from Phillips to Hoffman ran to Hoffman, his heirs and assigns. The oil and gas lease recites that Hoffman and Phillips "their heirs and *assigns* are to pay their pro rata part of all operating expenses." There is nothing in either of said four contracts prohibiting its assignment. Under such situation, there is nothing to prevent the application of the general rule and the Texas statute providing for the assignability of all written contracts, unless the testimony of the plaintiff Phillips that the right of operation of the leases was granted to Hoffman because of Phillips' personal confidence and trust in the ability and integrity of Hoffman as an experienced operator has that effect. Appellants recognize the general rule that all written contracts are assignable, but say that for the reason stated an exception is shown to exist. Assuming the admissibility of such testimony by Phillips, it not being here questioned, the fact that the right of operation was granted to Hoffman because of Phillips' personal confidence and trust in him is not established as a matter of law, based, as it is, solely upon the testimony of the plaintiff Phillips, making such question one of fact for the determination of the trial court. No findings of fact having been made, we are required to presume that the trial court found the facts against such contention. If Hoffman and Phillips in the execution of the development contract and in the execution of the lease and assignments intended that the right of operation,

granted to Hoffman in the development contract and referred to in the lease, should not be assigned, they could easily have prevented such assignment by a stipulation to such effect in said instruments and thereby avoided the effect of the general rule. The conveyances from Phillips to Hoffman showing that the interest in the leases transferred to Hoffman is assignable, it would not be reasonable to contend that it was intended that Hoffman, after divesting himself of all ownership and interest in the property, was expected to continue as the exclusive manager and operator of property in which he had no interest, and for which no remuneration, in such event, was provided. There is nothing in the written contracts to indicate the existence of such intention. Under these circumstances, we think the trial court did not err in concluding, as it evidently did, that Oil, Inc., had acquired, along with its interest in the property, the right of operation thereof. In Goodloe & Meredith v. Harris (Tex.Com.App.) 94 S.W.(2d) 1141, wherein there was a contract for the drilling of oil wells in consideration of an interest in a lease and a provision that the driller should have the right to operate the lease, and a provision that the agreement was binding on the parties and their assigns, the contract was held by our Supreme Court to be assignable. In the respects mentioned, we see no material difference between the contract there discussed and the development contract in this case. We hold that the right and privilege of operating the lease granted to Hoffman was assignable. Article 569, R. S.1925; Lakeview Land Co. v. San Antonio Traction Co., 95 Tex. 252, 66 S.W. 766; Missouri, K. & T. Ry. Co. v. Carter, 95 Tex. 461, 68 S.W. 159, 166; Payne v. Mt. Franklin Fuel & Feed Co. (Tex.Civ. App.) 234 S.W. 595; Overby v. Mona Marie Trust (Tex.Civ.App.) 240 S.W. 581; Houston & T. C. Ry. Co. v. Cluck, 31 Tex.Civ.App. 211, 72 S.W. 83; Dittman v. Model Baking Co. (Tex.Com.App.) 271 S.W. 75, 77; Central Power & Light Co. v. Purvis (Tex.Civ.App.) 67 S.W.(2d) 1086; 5 C.J. 883. (Italics in the opinion are the court's.)

The judgment of the district court is affirmed.