R. B. WILLIAMS, d/b/a Fort Worth
Vending Company, Appellant,

v.

Martin LOICANO, d/b/a Big State Vending
Machine Company, Appellee.

No. 16626.

Court of Civil Appeals of Texas.

Fort Worth.

April 16, 1965.

Rehearing Denied May 14, 1965.

Biggers, Baker, Lloyd & Carver, and Spencer Carver, Dallas, for appellant.

Herrick & Tillman, and Massie Tillman, Fort Worth, for appellee.

RENFRO, Justice.

This case is before us as an appeal from the denial of a temporary injunction.

Plaintiff R. B. Williams, d/b/a Fort Worth Vending Company, sought an injunction to enjoin Martin Loicano, d/b/a Big State Vending Machine Company, from competing with plaintiff in the vending machine business.

On September 20, 1961, Martin Loicano and his brother, as partners owning Big State Coin Machine Company, sold all the assets of said Company to Standard Cigarette Service, Inc., for a consideration of $225,000.00. In the contract the seller agreed, in paragraph 1: "to sell all of its physical assets and property of every kind

and nature, including all cigarette machines, amusement machines, phonographs, records, speakers, wall boxes, parts, vehicles, office equipment, shop equipment, money, inventory and cigarettes in machines on the date hereinafter specified. Seller also will assign and transfer to Purchaser any and all contracts, franchises, location agreements which Seller may own or hold for vending machine and related services."

Paragraph 7 of the contract read as follows: "Seller and all of its partners agree that they will not compete, directly or indirectly, in the general vending machine business (including music, cigarette and amusement machine business) in Tarrant County or counties immediately adjacent thereto for a period of five years from the date hereof, either as a partner or proprietor or through any corporation or association in which they, or any of them, may be interested, nor in any other manner or capacity."

Thus, the contract shows a complete sale of the coin machine business, and an unqualified agreement on the part of sellers not to compete for a period of five years in the designated area.

On August 3, 1964, Standard Cigarette Service, Inc., sold the same coin machine business to plaintiff, R. B. Williams, d/b/a Fort Worth Vending Company. Williams continued to operate the business in the same manner as had his predecessor, and with the same customers.

By an instrument in writing, at the time of the last mentioned sale, Standard Cigarette Service, Inc., sold and assigned to plaintiff all the rights and benefits it possessed under the provisions of paragraph 7 of the contract of September 20, 1961.

Upon learning that Standard was no longer in the coin machine business Loicano began soliciting customers for location agreements. This suit sought to enjoin Loicano from such competition until the expiration of five years from September 20, 1961, namely, to September 20, 1966.

The evidence is undisputed. Loicano contended the "no competition" agreement was not assignable from Standard to Williams. He, in November, 1964, solicited and obtained customers who were being served by Williams. He intends to continue in the general coin machine business in Tarrant County unless restrained by court order. He deals with customers on the same financial arrangement as does plaintiff. He intends to get not only Williams' locations, but all the locations he can.

There were no customer complaints concerning plaintiff's dealings with them. Loicano offers no better agreements than does plaintiff.

█ The general rule stated in 43 C.J.S. Injunctions § 84, p. 566, approved by the Supreme Court in Daniel v. Goesl, 161 Tex. 490, 341 S.W.2d 892 (1960), is that "Where an established business has been sold with its good will and there is a valid covenant not to compete, a breach is regarded as the controlling factor and injunctive relief follows almost as a matter of course. In such cases the damage is presumed to be irreparable, and the remedy at law is considered inadequate. It is not necessary that the buyer first prove special pecuniary damages or show an actual loss of customers who might in any event have discontinued their patronage. Injunctive relief may be given, even though only nominal damages are shown or although no actual damage is shown."

The above is in accord with the holding in Malakoff Gin Co. v. Riddlesperger, 108 Tex. 273, 192 S.W. 530 (1917).

Plaintiff, if he had a right to injunctive relief under the Big State-Standard contract, went even further than he was required to. In addition to proving a breach by defendant, he proved actual loss of customers, loss of revenue, and an express

intent of defendant to continue to solicit plaintiff's customers. It is undisputed that defendant dealt with prospective customers on the same terms as did plaintiff, and that plaintiff's services were satisfactory to the customers.

The question presented is whether the contract not to compete was assignable from Standard Cigarette to plaintiff.

According to the weight of authority, a subsequent purchaser of the business is entitled to restrain the breach of an express covenant not to engage in the same business where the covenant has been expressly assigned to him on the resale of the business. 43 C.J.S. Injunction § 84, pp. 568–569; 6 Am.Jur.2d p. 203, § 19.

By statute, Art. 569, Vernon's Tex.Civ. St., the obligee or assignee of any written instrument not negotiable by the law merchant may by assignment transfer all his interest therein to another.

It has been held that the above article, except in matters of personal trust or skill, has in effect changed the rule of the common law upon the subject of assignments of contracts, and many contracts and rights can be transferred which were not assignable at common law. Houston & T. C. Ry. Co. v. Cluck, 31 Tex.Civ.App. 211, 72 S.W. 83 (1903, no writ hist.).

In a case closely resembling the instant case factually, Wells v. Powers, 354 S.W. 2d 651 (Dallas Tex.Civ.App., 1962, no writ hist.), the same defense was made as is made here, namely, that the "no competition" covenant did not run to the vendee "or his assignees". The contention was sustained by the trial court. The Dallas Court of Civil Appeals reversed the trial court, however, and the trial court was instructed to issue the injunction. In construing Art. 569, the court said: "This provision is obviously all-inclusive on its face, excluding only from its operation contracts in matters of personal trust and skill," and further held an agreement not to compete contained in a written contract for sale of

a business is considered assignable where there is nothing in the contract indicating any intention by the parties that it should not be assigned. In the instant case there is nothing in the contract to indicate that it was not assignable

Defendant relies on Yates v. Blythe, 79 S.W.2d 913 (Fort Worth Tex.Civ.App., 1934). Writ of error was granted, Blythe v. Yates, Tex.Com.App., 86 S.W.2d 219, but the subject matter of the litigation having become moot the case was dismissed by the Supreme Court. Due to the peculiar nature of that case, we do not consider it to be authoritative of the instant appeal.

■ In appeals from interlocutory orders in injunction cases, the sole question is whether the trial court abused its discretion in entering the order appealed from. Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (Tex.Sup., 1962).

■ If the facts, however, are undisputed and only questions of law are presented, it is an abuse of the trial court's discretion to fail properly to apply the law to the facts. 31 Tex.Jur.2d 349, § 224; Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722 (1935); City of Waco v. Marstaller, 271 S.W.2d 722 (Waco Tex. Civ.App., 1954, no writ hist.); Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517 (1961).

■ We are of the opinion that under the undisputed facts the plaintiff was entitled to a temporary injunction as a matter of right and the trial court's failure to grant the temporary injunction was an abuse in law of the discretionary power vested in him.

The judgment is reversed and the cause remanded to the trial court with the instruction that the temporary injunction be granted.

Reversed and remanded. with instructions.