C. Joe STOCKS and Xalon Corporation, Appellants,

v.

BANNER AMERICAN CORPORATION et al., Appellees.

No. 8834.

Court of Civil Appeals of Texas, Texarkana.

April 29, 1980.

G. Brockett Irwin, Longview, for appellants.

Melvin R. Wilcox, III, Roberts, Harbour, Smith, Harris, French & Ritter, Longview, for appellees.

HUTCHINSON, Justice.

Appellees, Banner American Corporation and Stocks Enterprises, Inc., sought and obtained a temporary injunction restraining appellants, C. Joe Stocks and Xalon Corporation, from engaging in a competitive business.

Appellant Stocks and Mr. Ollie Moyer began business as the sole and equal shareholders of Stocks Enterprises, Inc. In March of 1978, with the aid of two additional financial backers, Banner American Corporation was formed and the shares of Stocks Enterprises, Inc. were exchanged for shares of the new corporation. Mr. Moyer became president and Appellant Stocks vice president of the new company and each signed employment contracts that contained non-competition covenants. In May of 1979 Appellant Stocks indicated a desire to sell his interest in Banner American Corporation and thereafter the corporation agreed to purchase his 3,000 shares for $37,000.00 and Appellant Stocks agreed to execute another covenant not to compete and any document found to be necessary for the corporation to obtain a pending FHA loan. On June 6, 1979, Appellant Stocks' resignation was accepted, the new covenant not to compete was executed, the corporation's note payable to Appellant Stocks in the sum of $37,000.00 was delivered and the agreement to execute the required FHA documents was signed.

The non-competition agreements provide that Appellant Stocks would not, for a period of three years, do business, directly or indirectly, with, or have an interest in, any business which in any manner competes with appellee. These agreements further provide that Appellant Stocks would also refrain during such period from doing business with any individual, partnership or corporation with whom he did business while acting in any capacity with appellees, Banner American Corporation and Stocks Enterprises, Inc.

Soon after the departure of Appellant Stocks, appellees' remaining personnel became concerned about his possible violation of the covenants not to compete and, upon his refusal to sign some instruments pertaining to the FHA loan, the September 1, 1979, payment and the subsequent monthly payments on the $37,000.00 note were deposited in an escrow account under the control of appellees. After the withholding of the September 1, 1979, payment, appellees obtained certain evidence that Appellant Stocks was in fact competing. This suit was instituted on November 3, 1979, and the temporary injunction was entered on December 17, 1979.

The temporary injunction, as issued by the court, found that appellees are engaged in the business of selling blank cassette tapes, manufacturing blank cassette tapes, producing the Bible on cassette tapes, selling Norelco boxes and poly boxes, selling blank labels for cassette tapes, custom duplication of cassette tapes, computer programming and magnetic tape mastering. The court also found that appellees are engaged in business with the Tandy Corporation and Apple Computers and with firms, partnerships, corporations and companies in 33 states as listed on an attached exhibit. The court concluded that appellant had an ownership interest in Xalon Corporation and that he was using Xalon Corporation to compete with appellees by actively soliciting and doing business with their customers. Appellant Stocks was then restrained and enjoined from:

a. Rendering services of any kind or character to Xalon Corporation.

b. Aiding or assisting Xalon Corporation in any manner.

c. Contacting, soliciting or doing business with Tandy Corporation, Apple Computers, or any company, corporation, firm or partnership listed on the attached exhibit.

d. From rendering services to or doing business with any competitor of appellees.

e. Having or acquiring an ownership interest of any type in any competitor of appellees.

As to Xalon Corporation, the court restrained and enjoined it from:

a. Contacting, soliciting from or doing business with Tandy Corporation, Apple Computers, or any company, corporation, firm or partnership listed on the attached exhibit.

b. Engaging in the business of 1) manufacturing for resale or selling blank cassette tapes; 2) producing the Bible on cassette tapes; 3) selling Norelco boxes and poly boxes; 4) selling blank labels for cassette tapes or selling the Bible on cassette tapes; 5) custom duplication of cassette tapes; 6) computer programming; 7) magnetic tape mastering; or 8) the manufacture or sale of any other product which appellees produce or sell.

Appellant Stocks readily concedes that he as well as Xalon Corporation, have in fact competed with appellees. However, by two points of error he contends the temporary injunction should be dissolved. He first asserts that the non-competition agreement is unenforceable because of its failure to contain a territorial limitation. Secondly, he urges that appellees should not be permitted to enforce the covenant because they breached the payment terms of the note and cannot enforce the non-competition clause in equity with unclean hands.

 The issuance of the temporary injunction will be upheld unless an abuse of discretion on the part of the trial court is demonstrated. If a proper cause of action for injunctive relief is alleged and the evidence produced at the hearing thereon tends to sustain such allegation, the is-

suance of the injunctive order should be sustained. *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549 (1953); *Williams v. Powell Electrical Mfg. Co., Inc.*, 508 S.W.2d 665 (Tex. Civ.App. Houston-14th Dist. 1974, no writ). Even though the injunctive order may be based upon conflicting evidence, it will not be disturbed on appeal. *Daniel v. Goesl*, 161 Tex. 490, 341 S.W.2d 892 (1960). If the appellees have shown: (1) that an established business with its good will was sold; (2) that the agreements contained a valid covenant not to compete; and, (3) that such covenant was in fact breached, the temporary injunction was properly issued. *Daniel v. Goesl*, supra; *Williams v. Loicano*, 390 S.W.2d 56, 57 (Tex.Civ.App. Fort Worth 1965, writ ref'd n. r. e. ); *Wells v. Powers*, 354 S.W.2d 651, 654 (Tex.Civ.App. Dallas 1962, no writ).

 Failure to include a territorial limitation will not void a covenant not to compete. Our Supreme Court, in a case involving a covenant not to compete contained in an employment contract which was unlimited both as to time and to space, held that the trial court could enforce the covenant to the extent that it would be reasonable under the existing circumstances. *Justin Belt Company, Inc. v. Yost*, 502 S.W.2d 681 (Tex. 1973). Covenants not to compete found in employment contracts are generally construed more strictly against the employer than those covenants made in connection with a sale of a business. *Seline v. Baker*, 536 S.W.2d 631 (Tex.Civ.App. Houston-1st Dist. 1976, no writ). It follows that Appellant Stocks' covenant not to compete, signed in connection with the sale of a business interest, may be enforced by the court to the extent that it is shown to be reasonable under the circumstances of this particular case.

The court in *Toch v. Eric Schuster Corporation*, 490 S.W.2d 618 (Tex.Civ.App. Dallas 1972, writ ref'd n. r. e. ), dealt with an employment contract which provided that the employee would not, for three years following his termination, directly or indi-

rectly engage in the same business as the employer, either individually or through any other business entity which competed directly with the employer. There the employee was the exclusive sales representative for his employer in Oklahoma, Arkansas, Louisiana, Mississippi, and designated portions of Texas, Tennessee, Missouri, Kansas and Nebraska. On appeal, Toch contended that the covenant not to compete in his employment contract was void because it was not limited to any geographical area. The appellate court approved the trial court's order enjoining Toch from contacting any former customer listed on an attached exhibit and from competing with his former employer in any manner in Dallas and Tarrant Counties. In *Arrow Chemical Corporation v. Anderson*, 386 S.W.2d 309 (Tex.Civ.App. Dallas 1965, writ ref'd n. r. e.), the Dallas court approved the action of the trial court in enforcing a covenant not to compete as modified by the attachment to the decree of a list of names and addresses of certain accounts which Anderson would be prohibited from contacting. The use of a customer list as an alternative to setting a specific geographical limit is a reasonable means of enforcing a covenant not to compete.

■ Although the court in this case could properly use the customer list introduced by appellees as a basis for its order, from the cited authorities it is apparent that the temporary injunction as entered is too broad. The attached list of customers is not limited to those existing as of June 6, 1979, and admittedly includes accounts acquired after Appellant Stocks left the company. Apple Computers, even at the time of the hearing, had never done business with appellees yet was included in the injunctive order. We hold that the order as entered is incorrect and the cause is remanded to the trial court with instructions to reform the order so as to only enjoin the appellants from doing business with the persons, companies, corporations, firms or partnerships with whom appellees were doing business on June 6, 1979, with the full name and address of each being listed as an exhibit to such order.

■ Appellants' second point of error is without merit. The trial court by the entry of its injunctive order impliedly found the facts contrary to appellants' contentions. Even though the evidence may be disputed and conflicting, the trial court's order will not be disturbed. *Daniel v. Goesl*, supra. There is sufficient evidence in the record to support the trial court's implied finding that appellees did not come into court with unclean hands.

The cause is reversed and remanded with instructions.