Gerald STONE, Appellant,

v.

STATE of Texas, Appellee.

No. C14–81–524CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 30, 1983.

Petition Dis. Review Denied
Dec. 5, 1983.

Catherine Greene, Houston, for appellant.

Ray E. Speece, Russell Turbeville, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

This is an appeal from a jury conviction for securing execution of a document by deception. Appellant pled "true" to a two-count enhancement, and the trial court assessed punishment at life imprisonment in the Texas Department of Corrections. We affirm.

Leroy Eath, Complainant herein, owned a house other than his homestead and borrowed money to make improvements on the house. Complainant answered an advertisement in the newspaper offering loans for remodeling and discussed such a loan over the telephone with Appellant. Appellant then sent Mr. Holland, a subcontractor for Appellant, to Complainant's property to

discuss the remodeling and to make an estimate of costs. Mr. Holland estimated the cost of remodeling to be eighteen thousand dollars ($18,000.00) and told Complainant to call Appellant for details of the loan. Complainant telephoned Appellant, gave Appellant the estimated cost of remodeling and discussed borrowing a total of twenty-two thousand dollars ($22,000.00) in order to remodel and to pay off first and second lien notes on the property. Appellant quoted Complainant monthly payments of two hundred thirty-six dollars ($236.00) on the twenty-two thousand dollar ($22,000.00) loan and Complainant agreed to this amount because his current monthly payments on the first and second liens were three hundred dollars ($300.00).

Appellant then came to Complainant's home, meeting him face-to-face for the first time, and collected a fifty dollar ($50.00) preparation fee. Appellant next met Complainant at the office of a notary public. Complainant remembered Appellant handing him a loan disclosure statement and a right of recission notice but does not remember seeing a warranty deed. Complainant signed several documents that day but does not recall how many. Complainant then called Mr. Holland to commence the remodeling work on the house but Mr. Holland never appeared and never did any work on the property. The first and second lien notes were not paid off as Appellant had promised and Complainant never received any money from Appellant. Sometime later Complainant was notified that a trustee for a Mr. Theriot had posted Complainant's property for sale pursuant to a deed of trust from Appellant to Theriot's trustee.

At trial the State introduced a warranty deed by which Complainant conveyed the subject property to Appellant. The deed was dated February 4, 1980, and was recorded on the same date. Appellant then conveyed the same property to Jonathan Theriot. The latter deed was executed and recorded on February 8, 1980.

Complainant testified he never intended to convey the property, but only wanted to borrow money, and planned to use the property as collateral for the loan. Complainant never received any consideration for the execution of the warranty deed to Appellant. Complainant further testified that Appellant never told him that he was signing a deed to his property but only that he was signing papers for the loan on the property.

In grounds of error one and two, Appellant contends the evidence is insufficient to establish intent to defraud and execution of a document by deception. We disagree.

The indictment, in pertinent part, reads as follows:

Gerald Stone ... did ... intentionally and knowingly, with intent to defraud and harm, and by deception, cause Leroy Eath to sign and execute a document affecting property as follows ...

A copy of the warranty deed was attached thereto.

Appellant was charged under TEX.PENAL CODE ANN. § 32.46(a) (Vernon 1974), which reads:

A person commits an offense if, with intent to defraud or harm any person, he, by deception, causes another to sign or execute any document affecting property or service or the pecuniary interest of any person.

No cases have been decided under this statute since it was enacted in 1974. However, as noted in the Practice Commentary following section 32.46(a), the statute covers any form of deception. The offense consists of two elements:

(1) Intent to defraud or harm; and
(2) A deception that causes a person to sign or execute a document affecting property, service, or pecuniary interest.

It is apparent from the record that Appellant set out on a course of conduct with the intent to defraud Leroy Eath and was successful. Under the pretext of making a loan to Mr. Eath, Appellant deceptively induced Mr. Eath to execute a warranty deed. Complainant never received proceeds of any loan; the first and second lien holders were not paid; and the remodeling was never commenced on Complainant's property. If the intent of Appellant was to obtain from

Complainant a promissory note and a mechanic's and materialman's lien or deed of trust, there was no need for Complainant to execute a warranty deed conveying the property to Appellant.

■ Sufficiency of the evidence is a question of law. The standard of review on appeal is that if there is any evidence to establish guilt beyond a reasonable doubt, and if the trier of fact believed that evidence, we may not reverse the judgment on grounds of insufficiency of evidence. *Combs v. State,* 643 S.W.2d 709 (Tex.Cr. App.1982). There is such evidence of guilt beyond a reasonable doubt in the record. Accordingly, Appellant's first and second grounds of error are overruled.

■ In his third ground of error, Appellant contends that the indictment is fundamentally defective for its failure to allege the method of deception used. In ground of error four, he alleges that the trial court's charge is fundamentally defective for its definition of "deception."

The cases cited by Appellant under ground of error three are not on point. The statute under which Appellant was charged and convicted does not require the allegation of a particular method of deception, and attachment of the warranty deed to the indictment gave Appellant notice of the claimed deception.

■ The definition of "deception," used by the trial court in its charge was that found in TEX.PENAL CODE ANN. § 31.-01(2) (Vernon 1974).

The Practice Commentary to TEX.PENAL CODE ANN. § 32.46 (Vernon 1974), in explaining the absence of a definition of "deception," states that the types of conduct included must be determined by the courts and that the definition of "deception" found in Chapter 31 (Theft) may provide guidance to the courts. The trial court followed the Practice Commentary and used the definition of "deception" provided in the theft chapter of the penal code. We find no error in this. Appellant's third and fourth grounds of error are overruled.

■ Appellant's fifth ground of error challenges the constitutionality of the stat-ute under which Appellant was convicted on the grounds of vagueness and overbreadth. Appellant specifically complains of that portion of the statute which states, "affecting property." BLACK'S LAW DICTIONARY 53 (5th ed. 1979), defines "affect" as: "To act upon; influence; change; enlarge or abridge; often used in the sense of acting injuriously upon persons and things ...." The Texas courts have had no difficulty in interpreting and applying the word "affect." *See Rudco Oil & Gas Co. v. Gulf Oil Corp.,* 169 S.W.2d 791 (Tex.Civ.App.—Austin 1943, writ ref'd w.o. m.); *Yates v. Blythe,* 79 S.W.2d 913 (Tex. Civ.App.—Fort Worth 1934, no writ); *Meurer v. Hooper,* 271 S.W. 172 (Tex.Civ. App.—Fort Worth 1925, no writ). Appellant does not cite any authority to support his contention that the statute is vague and overbroad and we hold it is not. Appellant's fifth ground of error is overruled.

Appellant in his sixth ground of error complains that the trial court erred in not allowing Appellant to develop his impeachment of Complainant. We find this ground of error to be without merit and not worthy of comment. The sixth ground of error is overruled.

The judgment of the trial court below is affirmed.