The defendant in error was riding in a vehicle drawn by one horse along a private way in the City of Houston, near to which the plaintiff in error had constructed and was operating and using a switch track to and from a compress near by. An engine and tender belonging to the Railroad Company and being operated by its employes at the time was being moved along the switch track, when it came up behind Syfan, and when opposite to him the engineer or fireman on the engine opened the steam-cock of the locomotive, as to allow the steam to escape and to fall upon and around the horse of *Page 565 
Syfan, which caused the horse to take fright and run away, throwing the defendant in error from the vehicle, thereby inflicting upon him serious bodily injuries. The person who turned on the steam saw Syfan and knew that the steam was liable to alarm the horse and cause it to run and thereby might cause injury to the occupant of the vehicle. Syfan sued the Railroad Company for damages, and upon trial before a jury a verdict was rendered for $5561. The Court of Civil Appeals held that the verdict of the jury was excessive in the sum of $2061, and suggested that if the appellee would remit that sum within the time stated the judgment would be affirmed, otherwise it would be reversed and remanded. The remittitur was entered and the judgment affirmed for the sum of $3500.
This writ of error was granted because we were inclined to the opinion that the Court of Civil Appeals had no power in causes like this to suggest a remittitur of the excess of a verdict as a condition of affirmance, and upon such remittitur being filed to affirm the judgment instead of reversing and remanding for the error of excessive amount. That is the only question that we think it necessary to discuss in this case.
We concur in the opinion of the Court of Civil Appeals upon the other questions presented in the application, except that we do not approve of the intimation that the allegations of the amended petition set up a new cause of action; but that court correctly held that the question of limitation raised under that pleading was not before the court.
The rule of practice established by the former decisions of our Supreme Court in actions for damages where the measure of recovery is not fixed by law is, when a verdict has been found to be excessive in amount, the court cannot permit the plaintiff to cure the error of excess by a remittitur, and thereby avoid a new trial, but the judgment must be set aside and a new trial awarded. Thomas v. Womack, 13 Tex. 584; Heidenbeimer Co. v. Schlett, 63 Tex. 394; Railway Company v. Wilkes, 68 Tex. 617; Railway Company v. Coon, 69 Tex. 730
[69 Tex. 730]; Kaufman Runge v. Armstrong, 74 Tex. 65
[74 Tex. 65]; Nunnally v. Taliaferro, 82 Tex. 286
[82 Tex. 286]; Hoskins v. Huling, 4 Texas Law Review, 183.
In the case of Thomas v. Womack, above cited, the court, after reviewing a number of cases in which the plaintiff had been permitted to enter a remittitur of the excess of the verdict, said: "But the present is a very different case. Here the law furnishes no other criterion by which to measure the damages which may be given than the discretion and sense of right and justice of the jury, and reserves to the court no other control over the verdict than to grant a new trial where the damages are so excessive as to bear the evident impress of prejudice, passion, gross ignorance, or corruption. In cases where there is no certain measure of damages (it has been said) the court will not substitute its own sense of what would be the proper amount of the verdict and will not set aside a verdict for excessive damages unless there is reason to believe that the jury were actuated by passion or by some undue influence perverting the judgment. No more will the court substitute its *Page 566 
sense of what would be the proper amount of the verdict where it is so excessive as to warrant the belief that the jury have been misled either by passion, prejudice or ignorance; but will set the verdict aside altogether and grant a new trial. For to permit the verdict to be reduced to an amount which the court might think reasonable in such a case would be to substitute the opinion of the judge for the verdict of the jury and, in effect, to deny the aggrieved party the right to a trial by an impartial jury." The doctrine here declared by our Supreme Court is supported by some of the American courts, of which we cite the following: Savannah F. W. Ry. Co. v. Harper,70 Ga. 119; Rodney v. The St. L. S.W. Ry. Co., 127 Mo., 676; Vinal v. Core Compton, 18 W. Va. 1. The weight of authority sustains a doctrine contrary to that heretofore asserted by our courts, and accords to the court trying the case the discretion to suggest a remittitur of a stated amount, as a condition upon which a motion for new trial will be overruled or a judgment affirmed, when there is no other error and the court finds that the verdict of the jury is for an excessive amount, and upon the plaintiff's accepting the terms and entering the remittitur the court may overrule the motion for rehearing or affirm the judgment, the error being cured by the remittitur. Duffy v. The City of Dubuque, 63 Iowa 171; Hamilton v. Great Falls S. Ry. Co., 17 Mont. 334; Potter v. The Chicago N.W. Ry. Co.,22 Wis. 615; Baker v. The City of Madison, 62 Wis. 137; Pratt v. Pioneer Press Co., 35 Minn. 251; Broquet v. Tripp,36 Kan. 700; Holmes v. Jones, 121 N.Y. 461; Branch v. Bass, 5 Sneed. (Tenn.), 366; U. R. Mill Company v. Gillen, 100 Ill. 52; Belt v. Lawes, 12 Q. B. Div., 356.
In none of the cases upon either side of this question have we found reference to any statute upon the subject, nor has the decision in any case been placed distinctly upon any constitutional provision except in one case hereinafter cited. Those courts which deny the power put their decisions upon the ground that the law does not authorize the court to ascertain the amount for which judgment shall be rendered in such cases. The basis of all such decisions is best stated in Savannah F. W. Ry. Co. v. Harper, 70 Ga., on page 129, in this language: "As suggested in the case from 3 Sanford's Reports, the course pursued here might be desirable, because it would relieve the parties from the expense and delay of a new trial. The answer to such a suggestion is that neither the venerable sages of the common law nor the wisdom of the Legislature deemed it prudent or safe to confide this power to the judge. Without such authority, he has no jurisdiction or power to pass upon or determine questions which the law refers to the enlightened conscience of impartial jurors, and with which he is forbidden to interfere, except where the finding leads him to suspect, or authorizes him to infer, that the verdict is the result of undue bias or prejudice." The courts which sustain the exercise of such power seem to rest it upon the inherent power of the court to set the verdict aside and grant a new trial, from which the conclusion is drawn that within the greater power *Page 567 
to entirely destroy the verdict there exists the authority to preserve it in part by a voluntary reduction of the amount by the act of the plaintiff.
The rule of practice stated in Thomas v. Womack was followed by our Supreme Court in subsequent cases and became so thoroughly established as part of our procedure that the Legislature in 1893 enacted a a law which is embraced in the Revised Statutes in the following article: "1029a. — In all civil cases now pending, or that may hereafter be appealed to any court of civil appeals of this State, and such court shall be of the opinion that the verdict and judgment of the trial court is excessive, and for that reason only said cause should be reversed, then it shall be the duty of such court of civil appeals to indicate to the party in whose favor such judgment was rendered, or his attorneys of record, the amount of the excess of such verdict and judgment, and said court shall, at the same time, indicate to such party, or his attorney, within what time he may file a remittitur of such excess, and if such remittitur shall be so filed, then the court shall reform and affirm such judgment in accordance therewith; if not filed as indicated, then to be reversed." The language of this article is amply sufficient to sustain the action of the Court of Civil Appeals in the present case and to empower those courts to set aside verdicts found to be excessive in cases of this character for the same reasons as in other cases, that is, when "such court shall be of opinion that the verdict and judgment of the trial court is excessive." This article was doubtless intended to have, and clearly does have, the effect to abrogate the rules established by the former decisions of this court upon the question under discussion, at least so far as applicable to the courts of civil appeals.
It is earnestly contended that article 1029a of the Revised Statutes, if held to be applicable to this class of cases, deprives the defendant of a trial by jury, and therefore violates section 15 of article 1 of the constitution of the State, which declares that "the right of trial by jury shall remain inviolate." This question was presented to and decided by the Supreme Court of the United States adversely to the contention of the plaintiff in error in the case of the Arkansas Valley Land Cattle Company v. Mann, 130 U.S., page 69. That court stated the point at issue thus: "The precise contention is, that to make the decision of the motion for a new trial depend upon a remission of part of the verdict is in effect a re-examination by the court, in a mode not known at the common law, of facts tried by the jury, and therefore was a violation of the Seventh Amendment of the Constitution." The court announces the decision upon this question in the following language quoted from Railway v. Herbert,116 U.S. 642: "The exaction as a condition of refusing a new trial that the plaintiff should remit a portion of the amount awarded by the verdict was a matter within the discretion of the court. It held that the amount found was excessive, but that no error had been committed on the trial. In requiring the remission of what was deemed excessive, it did nothing more than require *Page 568 
the relinquishment of so much of the damages as, in its opinion, the jury had improperly awarded. The corrected verdict could therefore be properly allowed to stand. * * * The practice which this court approved in Northern Railway Company v. Herbert is sustained by sound reason and does not in any just sense impair the constitutional right of trial by jury. It cannot be disputed that the court is within the limits of its authority when it sets aside the verdict of the jury and grants a new trial where damages are palpably or outrageously excessive. But in considering whether a new trial should be granted upon that ground, the court necessarily determines in its own mind whether a verdict for a given amount would be liable to the objection that it was excessive. The authority of the court to determine whether the damages are excessive implies authority to determine when they are not of that character. To indicate, before passing upon the motion for a new trial, its opinion that the damages are excessive, and to require a plaintiff to submit to a new trial, unless, by remitting a part of the verdict, he removes that objection, certainly does not deprive the defendant of any right, or give him any cause for complaint."
If it was a part of the constitutional right of trial by jury that a verdict rendered in a case of this character should be treated as an entirety, and either be set aside as a whole or as a whole made the basis of the judgment, then the contention of the plaintiff in error that the act of the Legislature is violative of the Constitution would be sound. But we think that the reasoning of the Supreme Court of the United States quoted above is amply sufficient as an answer to this proposition.
It was the right of the railroad company to have the Court of Civil Appeals determine whether or not the verdict of the jury was excessive in amount, but to determine that question the court must first arrive at a conclusion as to what sum would be held to be reasonable if it had been assessed by the jury, before it could determine that the verdict was excessive in amount; and the court, in concluding that $3500 would be considered a reasonable sum if it had been assessed in favor of the plaintiff, necessarily determined that the verdict of the jury was excessive in the sum of $2061. The vice in the verdict consisted in the excess which constituted the only ground for interfering with the judgment. The remittitur eliminated the excess and purged the verdict of the vice, leaving no ground for reversing the judgment.
The claim of the plaintiff in error is, that the inquiry of the Court of Civil Appeals into the finding made by the jury was legal and correct to the extent of ascertaining the excess in the verdict, but, having inquired into this matter and having determined what sum might properly have been adjudged against it under the evidence, the court must stop there and reverse the judgment and remand the cause, to have another jury determine the very question which the Court of Civil Appeals had decided in order to arrive at the conclusion upon which alone the judgment could be disturbed. The 3500 was the proper part of the verdict of the jury which tried the case. The judgment therefore of the *Page 569 
Court of Civil Appeals was entered, not upon its own finding, but upon the verdict of the jury, after it had been purged by the remittitur of the error arising out of improper influences supposed to have affected the minds of the jurors in arriving at the amount of the verdict.
The railroad company cannot complain that the court invaded the province of the jury, because it was done at its request. It cannot complain that $3500 is not a reasonable sum to be assessed against it, for upon that depends the right of reversal. There being no other error, it was not unjust to the railroad company to affirm the judgment for so much as has been found to be reasonably due from it to the plaintiff.
We think that the Legislature had full power to change the rules of practice upon this question as upon any other connected with the trial of causes in the courts of this State, and that the law in no way violates the constitutional right of trial by jury, nor does it in any way deprive the parties to such proceedings of any constitutional right in connection with such jury trial. We find no error in the judgment of the Court of Civil Appeals and the same is therefore affirmed.
Affirmed.