WESTERN UNION TELEGRAPH CO. v.
CHAMBERLAIN. (No. 5357.)

(Court of Civil Appeals of Texas. Austin.
May 13, 1914. Rehearing Denied June
17, 1914.)

1. DAMAGES (§ 117*)—BREACH OF CONTRACT—
MEASURE OF DAMAGES.

Damages are recoverable for a breach of
contract, and the proper measure is pecuniary
compensation for the injury suffered.

[Ed. Note.—For other cases, see Damages,
Cent. Dig. §§ 285, 286, 288; Dec. Dig. § 117.*]

2. TELEGRAPHS AND TELEPHONES (§ 68*)—DE-
LAY IN TRANSMISSION OF MESSAGES—DAM-
AGES.

In case of delay or negligence in the trans-
mission of a telegram, damages for resulting
mental anguish may, contrary to the rule of the
common law, be recovered.

[Ed. Note.—For other cases, see Telegraphs
and Telephones, Cent. Dig. §§ 69, 70; Dec. Dig.
§ 68.*]

3. TELEGRAPHS AND TELEPHONES (§ 68*)—DE-
LAY IN TRANSMISSION OF MESSAGES—"MEN-
TAL ANGUISH."

Mental anguish is that keen and poignant
suffering which results from some great grief;
and hence mere disappointment because plain-
tiff's grandchildren were prevented from visit-
ing him on account of delay in the transmis-
sion of a telegram was not mental anguish for
which damages might be recovered.

[Ed. Note.—For other cases, see Telegraphs
and Telephones, Cent. Dig. §§ 69, 70; Dec. Dig.
§ 68.*

For other definitions, see Words and Phrases,
vol. 5, p. 4475.]

4. TELEGRAPHS AND TELEPHONES (§ 68*)—AC-
TIONS FOR DELAY IN TRANSMISSION OF MES-
SAGES.

For the sender of a telegram to recover
damages for mental anguish resulting from de-
lay in its transmission, the facts must have
been such that the sender would naturally suffer
mental anguish in case of delay, and they must
have been known to the agent of the telegraph
company.

[Ed. Note.—For other cases, see Telegraphs
and Telephones, Cent. Dig. §§ 69, 70; Dec. Dig.
§ 68.*]

Appeal from Falls County Court; W. E.
Hunnicutt, Judge.

Action by A. G. Chamberlain against the
Western Union Telegraph Company. From
a judgment for plaintiff, defendant appeals.
Reversed and remanded.

Geo. H. Fearons, of New York City, and
Spell & Sanford and W. W. Naman, all of
Waco, for appellant. Tom Connally, of Mar-
lin, for appellee.

JENKINS, J. This suit was brought to
recover damages for mental suffering alleged
to have been occasioned by the negligent fail-
ure of appellant to promptly deliver the tele-
gram hereinafter set out. From a judgment
in favor of appellee, appellant appeals and
assigns error upon the action of the court
in overruling its general demurrer to appel-
lee's petition.

Appellee alleged: That on June 3, 1912,
he resided near Reagan, in Falls county,
Tex., and that on that day he caused to be
delivered to appellant's agent at said town of
Reagan, for transmission to A. G. Johnson,
charges prepaid, at 1136 Wall street, Los
Angeles, Cal., the following telegram:

"Bring children. Will pay fare.
"[Signed] A. J. Chamberlain."

That his daughter was the wife of said
Johnson, and was then contemplating a visit
to appellee. That the children mentioned in
said message were the children of his said
daughter, and the grandchildren of appellee.
That his daughter was not financially able
to pay the railroad fare of said children, and
would have brought them had said telegram
been promptly delivered, but not otherwise.
That an affectionate regard existed between
appellee and his said grandchildren, all of
which facts were explained and fully known to
appellant's agent at Reagan, when he receiv-
ed said telegram for transmission. That ap-
pellant negligently failed to deliver said
telegram until the 8th day of June, 1912, in
consequence of which appellee's daughter
left Los Angeles on her visit to appellee on
June 6, 1912, without bringing said children
with her. That appellee, on account of such
failure to deliver said telegram, was de-
prived of the pleasure of seeing said chil-
dren and enjoying their society, by reason of
which he "suffered great mental anguish and
pain."

[1, 2] It is a general principle of law that
damages are recoverable for breach of con-
tract, and that the proper measure of dam-
ages is pecuniary compensation for the in-
jury suffered. Mental suffering, in a proper
case, has always been recognized as an injury
for which damages are recoverable. The
common law, however, from motives of pub-
lic policy, adopted certain standards by
which damages for breach of contract were
to be measured, which excluded mental suf-
fering. For instance, the measure of dam-
ages for failure to pay money is the lawful
interest on same; for failure to deliver per-
sonal property contracted to be sold, the dif-
ference between the market price and the
price agreed to be paid, etc. The reason
for this was that, in the absence of such
standard, the uncertainty as to the amount
of damages that might be recovered would
open up an unlimited field of litigation,
to the discouragement of business and the
annoyance of the citizens. For these reasons,
it became a general rule of the common law
that damages for purely mental suffering,
unaccompanied with bodily pain or willful or
malicious wrong, were not recoverable; and
hence that such damages were not recover-
able, where they arose solely from breach of
contract. Mental suffering was not excluded
for the reason that it might not, in some in-
stances, be just as acute and intense from
the breach of a contract as when induced by
traumatic injury. But by reason of the ease
with which it might be simulated, and the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series, & Rep'r Indexes

difficulty of disproving it on account of the intangible nature of mind, and the varying degrees of temperament, it was thought best that this field of litigation be entirely closed.

The introduction of telegraphy, and the peculiar duties of telegraph companies as public service corporations, was thought by the Supreme Court of Texas, and as the writer thinks justly so, to demand a modification of the ancient rule that damages for mental suffering were not recoverable for breach of contract unaccompanied by bodily pain, or the element of willful wrong. So Relle v. Telegraph Co., 55 Tex. 308, 40 Am. Rep. 805. This doctrine has been followed in several other jurisdictions, though a majority of the states and the Federal courts still apply the old rule to telegraph cases.

It is the settled doctrine of this state that damages are recoverable for mental suffering of a certain character, occasioned by the failure to promptly transmit and deliver a telegram under certain circumstances. In addition to cases where the telegram related to the sickness or death of a near relative, or where physical suffering resulted, this doctrine has been applied in this state in the following cases: Telegraph Co. v. Procter, 6 Tex. Civ. App. 300, 25 S. W. 813; Telegraph Co. v. Norton, 62 S. W. 1081; Rich v. Telegraph Co., 110 S. W. 95; Telegraph Co. v. Simpson, 73 Tex. 422, 11 S. W. 386. Application of this doctrine has been denied in the following cases: Telegraph Co. v. Arnold, 96 Tex. 494–496, 73 S. W. 1043; Telegraph Co. v. Luck, 91 Tex. 181, 41 S. W. 469, 66 Am. St. Rep. 869; De Voegler v. Telegraph Co., 10 Tex. Civ. App. 229, 30 S. W. 1107; Ricketts v. Telegraph Co., 10 Tex. Civ. App. 226, 30 S. W. 1105; Telegraph Co. v. Bell, 61 S. W. 942; Telegraph Co. v. Partlow, 30 Tex. Civ. App. 599, 71 S. W. 584; Telegraph Co. v. Edmonson, 91 Tex. 206, 42 S. W. 550; Morrison v. Telegraph Co., 24 Tex. Civ. App. 347, 59 S. W. 1127.

[3] The distinction in principle, as applied to the two lines of cases above cited, may not, in some of them, be very clear, but running through them all it may be safely said these two elements are announced or recognized as essential to recovery, viz.: The suffering must be of that character denominated mental anguish, and the circumstances must be such that the company could reasonably have anticipated that such suffering would probably result from the failure to promptly transmit and deliver the telegram.

What is mental anguish? The Supreme Court of North Carolina in Hancock v. Telegraph Co., 137 N. C. 497, 49 S. E. 952, 69 L. R. A. 403, said:

"There is a very material difference between the significance of those words ('disappointment' and 'regret') and that keen and poignant mental suffering signified by the words 'mental anguish.' * * * The language used in nearly all the cases in this and other states where such damages are allowed is 'grief and mental anguish.' * * * The lexicographers define anguish to be 'intense pain of body or mind.' It is derived from the Latin word 'anguis,' a snake, referring to the writhing and twisting of the animal body when in great pain."

This definition of "mental anguish" might well have been deduced from the general tenor of Texas cases on this subject, and is in accord with the decisions in other states. We quote from 37 Cyc. p. 1780, as follows:

"It is well settled, however, that damages cannot be recovered on this ground for every mental disturbance or injury to the faelings, and that to constitute mental anguish there must be something more than worry, vexation, or disappointment or anger or resentment."

When the telegram relates to the sickness or death of a near relative, the failure to transmit and deliver it promptly may result in depriving the party to whom it is sent of the opportunity of ever again seeing the loved one alive, or of looking upon the face of the beloved dead, or of assisting in the sad rites of sepulture. Common experience tells us that these results are calculated to fill the heart with poignant grief and sadden the life of the sufferer, and such results ought to be anticipated from a general knowledge of the human heart with its human affections. Not so, however, where the allegations, as in the instant case, show only a temporary disappointment calculated to produce regret, and perhaps resentment, toward the telegraph company for its inexcusable negligence. It is not alleged that the contemplated visit of the grandchildren was appellee's last opportunity to see them. For aught that appears to the contrary, they may have been of sufficient age to have come by themselves, had appellee sent them money with which to pay for their transportation, upon hearing that they had not come with their mother; or appellee might have visited them at an expense not exceeding that which he would have incurred had the telegram been promptly delivered.

[4] In order for appellee to recover, not only must such facts be alleged as would reasonably indicate that appellee would suffer mental anguish by reason of the failure to deliver the telegram, but it must also be alleged that appellant's agent was advised of such facts, otherwise he would not be required to anticipate such result.

For the reason that it does not appear from the allegations of the petition that the telegram was sent under such circumstances as reasonably required appellant to anticipate that appellee would suffer mental anguish, if such telegram was not promptly delivered, the general demurrer should have been sustained, and, for the error of the trial court in overruling the same, this cause is reversed and remanded.

Reversed and remanded.