Annette Downs CLARKSTON, Appellant,

v.

Lewis E. CROUCH, Sr., et al., Appellees.

No. 5500.

Court of Civil Appeals of Texas, Waco.

Jan. 29, 1976.

Rehearing Denied Feb. 26, 1976.

Seymour, Hawtrey & Ryan, Sarah Ryan, Bryan, for appellant.

Barron & Barron, John M. Barron, Bryan, Bond & Falco, James Bond, Navasota, for appellees.

## OPINION

JAMES, Justice.

This is a case which was originally filed by Plaintiff-Appellee Crouch as a partition suit of real estate, with a cross-action by Defendant-Appellant Annette Downs Clarkston in trespass to try title. Defendant-Appellant failed to appear at the trial either in person or by attorney, at the conclusion of which the trial court entered a default judgment adverse to Defendant-Appellant, from which she appeals. We affirm.

Plaintiff-Appellee Lewis E. Crouch, Sr., instituted this suit against Defendant-Appellant Annette Downs Clarkston for partition of a tract of land located in Brazos County, Texas, originally referred to as being the same two acre tract described in a deed from Bessie Crouch Weimar, et al. to Annette Downs Clarkston dated April 18, 1970, of record in Volume 286, page 254 of the Deed Records of Brazos County, Texas. However, the property was further described by metes and bounds and was recited to contain 1.690 acres as surveyed by Evans Moody, a registered surveyor on March 27, 1974. Plaintiff asserted he owned an undivided ⅖ths interest in the tract, and the Defendant Annette Downs Clarkston owned the remaining ⅗ths undivided interest. It was further alleged that Plaintiff's sister Edna Crouch Landry owned a "move-on house" situated on said tract which was Mrs. Landry's personal property and not a part of the real estate to be partitioned. Plaintiff prayed for partition in kind of the subject two acre tract and in the alternative for a sale of the property and division of the proceeds.

In addition to her answer, Defendant Annette Downs Clarkston filed a cross action against Plaintiff Lewis E. Crouch, Sr., in trespass to try title, asserting that she and Plaintiff Crouch were tenants in common not only in the two acre tract set out in Plaintiff's petition, but also in a specifically described three acre tract which adjoins the two acre tract. She alleged herself to own an undivided ⅗ths interest in the five acres, (the two acre and three acre tracts) and Plaintiff Crouch to own an undivided ⅖ths interest therein. Her claim to the ⅗ths interest in the five acres was based upon a deed hereinabove referred to from Bessie Crouch Weimar and four other grantors to Defendant Annette Downs Clarkston dated April 18, 1970, of record in Volume 286, page 254 of the Deed Records of Brazos County, Texas, wherein the five grantors conveyed their undivided interests to Defendant in and to a tract of land described by metes and bounds as being the same two acre tract described in Plaintiff Crouch's petition, the description of which tract is immediately followed by this language: "It being our intention by this deed to convey

all property presently under fence, owned and claimed by Grantors and known as the 'J. F. Crouch and Della Crouch homeplace.'" Defendant Clarkston contends that it was the intention of all parties by the language in this deed that such deed conveyed to her (Defendant) not only the two acre tract, but also the three acre tract. She prayed for partition in kind of both the two acre and the three acre tracts, and in the alternative for sale of same and division of the proceeds.

Meanwhile, Bessie Crouch Weimar and six other Crouch heirs filed a plea in intervention in which, among other things, they contended that Defendant Annette Downs Clarkston owned no interest whatsoever in the three acre tract. Intervenors further asserted that "the old J. F. Crouch and Della Crouch homeplace" was the two acre tract only, and did not include the three acre tract, and that Plaintiff Lewis E. Crouch, Sr., and Intervenors jointly were the sole owners of the three acre tract.

Plaintiff-Appellee Lewis E. Crouch, Sr., filed Supplemental Pleadings in which he contended inter alia that Defendant-Appellant Clarkston got title to ⅚ths of the *two acre tract only* by virtue of the 1970 deed from Bessie Crouch Weimar, et al. hereinabove referred to. He further asserted that "it has been known for years" that the Crouch home place consisted of the two acre tract, and that the three acre tract was not a part of the home place, and therefore Defendant Clarkston acquired no title whatsoever to the three acre tract by virtue of the said 1970 deed from Bessie Crouch Weimar, et al.

Trial was had before the court without a jury, at which Plaintiff-Appellee Lewis E. Crouch, Sr., and the Intervenors appeared, but at which the Defendant-Appellant Annette Downs Clarkston did not appear either in person or by attorney. In this connection the trial court's judgment recites: "_____ and it having been announced to the court that Defendant aforesaid, though having regularly employed counsel until the day before, April 2, 1975, was on

the 3rd day of April, 1975 without counsel through no fault of her counsel, and Defendant though fully notified, failed to appear either in person or by counsel, and no valid excuse having been given for such failure of Defendant to appear; and a jury having been timely offered by the court to Defendant for trial on this date aforesaid, but a jury having been expressly waived by Defendant and all matters submitted to the court for determination _____."

After hearing evidence, the trial court entered judgment, the pertinent substance of which is as follows:

(1) Plaintiff Lewis E. Crouch, Sr., was awarded an undivided ⅖ths interest in the two acre tract, and Defendant Annette Downs Clarkston was awarded an undivided ⅗ths interest in said two acre tract.

(2) Intervenor Edna Crouch Landry was awarded the "move-on house," with provision that upon partition in kind of the two acre tract, that said house be situated upon the portion to be awarded to Plaintiff Crouch.

(3) Plaintiff and Intervenors were awarded title and possession of the three acre tract (which was described in the judgment by metes and bounds and recited to actually contain 4.020 acres), and Defendant Clarkston was "fully divested of any right, title or interest in said 4.020 acre tract of land _____."

(4) Commissioners of partition were appointed and the two acre tract was ordered partitioned in kind.

From this judgment, Defendant-Appellant Clarkston appeals to this court upon five points of error. We overrule all of Appellant's points of error and affirm the trial court's judgment.

█ Appellant's points one through four inclusive assert that the metes and bounds descriptions of both tracts of land were legally insufficient because of their uncertainty and for the further reason that such descriptions (as well as the bill of sale to the

"move-on house") were neither offered nor admitted into evidence. From the record before us we cannot agree with these contentions.

Plaintiff's Exhibit No. 1 consisted of two sets of field notes covering the two tracts of land in question, together with a plat showing both tracts. The first set of field notes recited that it was the same three acre tract described in the deed from H. B. Chase, et ux., to James F. Crouch dated February 11, 1902, of record in Volume 25, page 296, Deed Records of Brazos County, Texas, followed by a metes and bounds description which showed that said tract contained 4.020 acres, and ended with a certificate that it had been surveyed by Evans Moody on March 27, 1974.

The second set of field notes recited that it was the same two acre tract described in the deed from Bessie Crouch (Weimar), et al. to Annette Downs Clarkston dated April 18, 1970, of record in Volume 286, page 254, Deed Records of Brazos County, Texas, followed by a metes and bounds description which showed that said tract contained 1.690 acres, and ended with a certificate that it had also been surveyed by Evans Moody on March 27, 1974. The plat of both tracts was shown to have been prepared by Evans Moody.

As stated before, the trial in question was a defaulted hearing wherein the Defendant-Appellant was not present in person or by counsel. Evans Moody, a licensed surveyor, testified that he surveyed the two Crouch tracts by "running the fence lines", and each tract was enclosed by fence, and the two tracts adjoined each other. Plaintiff's Exhibit No. 1 (consisting of the two sets of field notes and plat as hereinabove described) was marked by the court reporter, was handed to Evans Moody who identified the same as having been prepared by him after he had surveyed the two tracts, the exhibit was laid upon the Judge's desk (or bench), and the Judge picked it up and read it, all without any objection having been made. Moreover, the trial court used both these sets of field notes in the preparation of its

judgment, and said court specifically recited in its order overruling motion for new trial that _____ "all exhibits were actually received and considered by the Court, said exhibits having actually been handed the Court and received as evidence and considered by the Court _____." The exhibits are all included in the statement of facts. Under this state of the record, we hold that the property descriptions in question were offered and admitted in evidence. See *Newbern v. Spiro* (Dallas CA 1965) 387 S.W.2d 769, no writ.

Likewise, the bill of sale of the "move-on house" in question was handed to the witness Mrs. Edna Crouch Landry, the alleged owner of said house, and identified by her as being the bill of sale to the house she claimed to own located on the two acre tract. This bill of sale was marked by the court reporter as Plaintiff's Exhibit No. 7. This exhibit, along with all the other exhibits, was specifically found by the trial court to have been handed to and received as evidence and considered by said court.

■ The property descriptions contained in Plaintiff's Exhibit No. 1 are not void for want of certainty, because each metes and bounds description is respectively tied in by reference to an existing deed description, relied upon by Appellant. Appellant's points one through four are overruled.

Appellant's fifth and final point asserts error of the trial court in overruling her motion for new trial because she says her failure to appear for trial was the result of "a misunderstanding and mistake between her counsel and herself," and that she had a meritorious claim. We overrule this contention.

■ In a default judgment situation as here, wherein the Defendant-Appellant seeks to set aside same, the burden is upon Defendant-Appellant to show that she is free of negligence or conscious indifference in failing to appear. *Harris v. Lebow* (Dallas CA 1962) 363 S.W.2d 184, NRE. The burden is upon the movant (here the De-

fendant-Appellant) to show that (1) the failure to appear was not intentional or the result of conscious indifference on her part, but was due to a mistake or accident, and (2) the motion sets up a meritorious defense, and (3) the motion was filed at a time when the granting thereof would occasion no delay or otherwise work an injury on the plaintiff. *Craddock v. Sunshine Bus Lines* (Comm.App.1939), 134 Tex. 388, 133 S.W.2d 124, opinion adopted by the Supreme Court; *Ivy v. Carrell* (Tex.1966), 407 S.W.2d 212.

■ In the case at bar, the trial court heard evidence at a hearing on Appellant's motion for new trial, after which Appellant's motion for new trial was overruled. Considerable evidence was presented relative to whether Appellant's failure to appear for trial was intentional or was the result of accident (or mistake). Without detailing this evidence, suffice it to say that the testimony was conflicting on this point. The trial court by its action in overruling Appellant's motion for new trial impliedly found and resolved this issue adversely to Appellant. Additional evidence adduced on the hearing of the motion shows that a witness material to the Appellees' case was in attendance on the trial from the State of Maryland; and that other, elderly witnesses might not again be able to attend. In this state of the record we are not authorized to disturb the trial court's finding. The appellant has failed to establish the essential requirement that her failure to appear for trial was not intentional or was not the result of conscious indifference on her part, or that the granting of a new trial would not work an undue hardship on Appellee. Appellant's fifth point is therefore overruled.

Judgment of the trial court is affirmed.

Affirmed.