CACTUS DRILLING COMPANY,
Appellant,

v.

A. E. McGINTY, Appellee.

No. 8983.

Court of Civil Appeals of Texas,
Amarillo.

March 26, 1979.

Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Lucius D. Bunton, Odessa, for appellant.

Townes & Corbin, Vernon A. Townes, Denver City, for appellee.

REYNOLDS, Justice.

The default judgment rendered is not vulnerable to the three-pronged test for a new trial, but the monetary awards decreed do not have the required evidential support. Reversed and remanded.

This appeal arose out of an action instituted by A. E. McGinty against Texaco, Inc., and Cactus Drilling Company. McGinty sought actual and exemplary damages from Texaco and Cactus for their alleged unreasonable and negligent usage of his land by malicious actions. Cactus was properly served with citation, but did not answer.

Thereafter and upon McGinty's motion, Texaco was dismissed from the action. Hearing evidence on the cause against defaulting Cactus, the trial court rendered judgment, decreeing that McGinty recover from Cactus: $1,500 for damages to land; $3,000 for mental anguish; and $4,500 for exemplary damages.

Eighteen days after the judgment was signed, Cactus moved for a new trial and to set aside the judgment. The trial court heard and overruled the motion while it still retained control over its judgment. Cactus has appealed.

■ We perceive no error on the part of the trial court, as urged by Cactus, in failing to set aside the default judgment on the basis of the three-pronged test enunciated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939), the principal case upon which Cactus relies. One prong of the test is a showing that the failure to answer before judgment was not intentional or the result of conscious indifference, but was due to mistake or accident. There is evidence that Cactus' authorized agent, after advising Cactus to do nothing about the citation until his further contact, did nothing in this regard before the judgment was rendered. This evidence justified the court in impliedly finding that Cactus' failure to answer before judgment was the result of conscious indifference. In this light, Cactus failed the test. *See, e. g., Clarkston v. Crouch*, 533 S.W.2d 135, 139 (Tex.Civ.App.—Waco 1976, no writ).

■■ In reply to Cactus' attack on the evidential support for the award for damages to land, McGinty, with commendable candor, concedes that although the testimony shows his land was damaged, the record is devoid of proof of any monetary damages. Absent evidence in the record tending to show the amount of damages, a judgment for damages to land cannot stand. *Houston & T. C. Ry. Co. v. Cluck*, 31 Tex.Civ.App. 211, 72 S.W. 83, 87 (1903, writ ref'd).

Cactus also challenges, and McGinty defends, both the legal and the factual sufficiency of the evidence to support the awards for mental anguish and exemplary damages. The evidence may be fairly summarized as follows: Cactus, having a right to go upon McGinty's land and to use the surface in developing the dominant mineral estate, could have used available roads to move its rig onto the land; instead, Cactus cut McGinty's fence, threw the wires back and skidded its rig through the fence gap and across the land, making deep tracks in the pasture land and damaging some five acres of grass. McGinty's cattle escaped through the fence gap and, after he rounded them up and repaired the fence, the fence was cut again and his gate was opened and thrown back, allowing his cattle to escape a second time. When McGinty attempted to determine the responsibility for this activity, he was telephonically cursed by Cactus' tool pusher, who used pungent and picturesque language to comment on McGinty's ancestry. The testimony respecting McGinty's mental state is recorded thusly:

Q I will ask you if the actions taken by Cactus Drilling Company tended to worry you or cause you mental anguish?

A Yes, sir.

\* \* \* \* \* \*

Q Did this cause you a good bit of anxiety or mental anguish trying to contact them, trying to get something done?

A Yes, sir.

\* \* \* \* \* \*

Q —did that [telephone cussing] tend to upset you or are you in the habit of taking a cussing, either by phone, person or otherwise?

A I am not in the habit of taking a cussing no way without some rebuttal, in other words.

■ Given an injury to property which is actionable independently and separately from mental anguish, compensation for mental anguish which proximately results from the wrongful injury is one element of actual damages. *Harned v. E–Z Finance*

*Co.*, 151 Tex. 641, 254 S.W.2d 81, 85 (1953). Generally, however, mental anguish definitionally is something more than mere worry, anxiety, vexation or anger; it must consist of intense pain of body or mind, *Western Union Telegraph Co. v. Chamberlain*, 169 S.W. 370, 371 (Tex.Civ.App.—Austin 1914, no writ), or a high degree of mental suffering. *Southwestern Bell Telephone Co. v. Cook*, 30 S.W.2d 497, 499–500 (Tex.Civ.App.—Fort Worth 1930, writ ref'd).

As we view the record, McGinty failed to prove that character of mental anguish which authorizes a recovery of damages. The inquiries about his mental state were disjunctively framed. By his response to the third question copied above, McGinty did not state that he was upset; and his affirmative answers to the two preceding inquiries leave unsettled and only speculative whether he was answering that he merely had an uneasiness of mind, which falls far short of mental anguish, or whether he actually suffered a high degree of mental suffering, which would constitute mental anguish. Hence, there is no competent evidence of sufficient certainty to show mental anguish compensable under the law; but, if it can be reasonably argued that the cited testimony is some evidence of mental anguish, then, in our view, the evidence is factually insufficient to support an award for mental anguish.

It is, of course, a settled proposition of law that in the absence of actual damages there can be no recovery for exemplary damages. *Michels v. Boruta*, 122 S.W.2d 216, 221 (Tex.Civ.App.—Eastland 1938, no writ). So, if a judgment for actual damages is unsupported, an award for exemplary damages cannot remain. *Stafford v. Powell*, 148 S.W.2d 965, 968 (Tex.Civ.App.—Eastland 1941, no writ).

For the reasons given, the judgment is reversed. Because it is evident that the facts have not been fully developed, the cause is remanded. *Jackson v. Hall*, 147 Tex. 245, 214 S.W.2d 458, 459 (1948).