Jon WASHAM, et ux., Appellants,

v.

Dr. Thomas HUGHES, Jr., Appellee.

No. 13410.

Court of Appeals of Texas,
Austin.

Sept. 1, 1982.

Rehearing Denied September 22, 1982.

Larry Watts, Law Offices of Larry Watts, P. C., Austin, for appellants.

Barry Bishop, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

SHANNON, Justice.

Whitney Washam, a small child, died of cardiac arrest in Austin in June, 1977. Her parents, Jon and Linda Washam, appellants, filed a wrongful death and survival suit in the district court of Travis County against Thomas Hughes, Jr., an Austin pediatrician, to recover individually and as representatives of the estate of the child. After trial to a jury, the district court rendered judgment that the Washams take nothing.

The Washams pleaded that Whitney became ill during the evening of June 21, 1977. After her efforts to relieve Whitney's distress were unsuccessful, Linda Washam called her pediatrician who was unavailable and then was referred to Hughes who was "on call." Hughes advised aspirin and "Tylenol." He said there was nothing that could be done for the pain at that time, but told Mrs. Washam to bring Whitney to the office the following morning. The child's condition continued to worsen. Jon Washam called Hughes at about 1:00 a. m. and recited to him the child's symptoms as being difficulty in breathing, high temperature, and irregular heartbeat. Hughes suggested more aspirin and "Tylenol" and to "contact" him in the morning. Whitney's condition deteriorated rapidly thereafter. She was then taken to the hospital where she died at 2:20 a. m.

The Washams pleaded, and endeavored to prove, that Hughes failed to act as a reasonable and prudent physician upon receipt of the telephone calls, and that such action was a proximate cause of the child's death. The Washams sought damages for the (1) child's conscious pain and suffering prior to death and (2) contributions the child would have made to them and for medical and funeral expenses. In addition, the Washams prayed for damages for the mental injury caused them by Hughes' alleged negligence.

The charge contained eleven special issues. The jury answered that Hughes was negligent in failing to give proper medical advice and information, in giving improper medical advice, and in failing to give proper medical treatment. Nonetheless, the jury refused to find that Hughes' negligence proximately caused Whitney's death. The Washams did not request submission of an issue inquiring whether Hughes' negligence proximately caused the child any conscious pain and suffering prior to death. In response to special issues nine and ten the jury found the Washams suffered mental injury which was proximately caused by Hughes' negligence and found $74,000 as compensatory damages for such mental injury. Pursuant to Hughes' motion, the district court rendered judgment that the Washams take nothing.

 Under present law, a surviving parent in a wrongful death suit has no recovery for damages for mental anguish, grief, bereavement, or loss of companionship occasioned him by the death of his child. *Bedgood v. Madalin,* 600 S.W.2d 773 (Tex.1980). In this connection, the Washams acknowledge that pursuant to the jury's answers Hughes cannot be held liable for the child's death. In fact, appellants do not even attack on appeal the jury's refusal to find that Hughes' negligence proximately caused the child's death. Accordingly, we

are not called upon in this appeal to examine the rule of law denying recovery for mental anguish occasioned by death or review the record relative to the jury's answer to that special issue.

The Washams, however, contend they pleaded a cause of action against Hughes for mental injuries to themselves, independent of the death action. The jury's answer to special issue nine established, they claim, the factual basis for their independent cause of action for mental injuries. Although we doubt their petition is subject to such construction,[1] for purposes of this opinion, we will assume the petition gave Hughes notice the Washams were pleading an independent cause of action in their own behalf for mental injury.

 Hughes argues in support of the judgment that the Washam's cause of action for their mental injuries is dependent upon a determination of his liability to the child, had she survived. As basis for his position, Hughes refers to familiar causes of action which are derivative in nature. A death action, for example, is derivative in that the beneficiaries stand in the decedent's shoes. The beneficiaries, in effect, file suit on behalf of the decedent and the controlling issue is whether the tortfeasor was liable to the decedent. A death action cannot be maintained successfully where the decedent could not have recovered, had he survived the injuries. *Schwing v. Bluebonnet Express, Inc.,* 489 S.W.2d 279 (Tex. 1973). The same rule obtains in suits involving tortious injuries to minors. The parent's cause of action for loss of services and earnings of the minor and for medical expenses is derivative in the sense the tortfeasor's liability to the child must be established before the parent may recover. See *Gulf, C & S Ry. Co. v. Redeker,* 67 Tex. 190, 2 S.W. 527 (1886). Likewise, in a suit for loss of consortium, the deprived spouse's cause of action is considered to be derivative of the impaired spouse's action to the extent that the tortfeasor's liability to the impaired spouse must be established. *Whittlesey v. Miller,* 572 S.W.2d 665 (Tex. 1978).

 It is not necessary to answer Hughes' argument for the following reason. To recover for mental injuries, a plaintiff must prove some physical illness or injury accompanied or was produced by the mental injury, except in cases of intentional tort or gross negligence. *Speier v. Webster College,* 616 S.W.2d 617 (Tex.1981); *Duncan v. Luke Johnson Ford,* 603 S.W.2d 777 (Tex. 1980); *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931 (Tex.1980); *Gulf, C. & S. F. Ry. Co. v. Hayter,* 54 S.W. 944 (Tex.1900); *Hill v. Kimball,* 76 Tex. 210, 13 S.W. 59 (1890). The Washams did not plead or request and obtain a jury finding that physical illness or injury accompanied their mental injuries. Had the district court rendered judgment on the jury's verdict, this Court would presume a finding of physical illness or injury since there is some evidence the Washams suffered resulting physical difficulties. See Tex.R.Civ.P. 279. However, such a finding may not be presumed where the trial court, by rendition of what amounts to a judgment *non obstante veredicto,* demonstrates that no finding was

---

1. In their trial petition, the Washams alleged their suit was filed "... by authority of ... Article 4671 et seq., V.A.T.S. [the Wrongful Death Statute]; and Article 5525 V.A.T.S., [the Survival Statute]; by Plaintiff's [sic] herein as parents and heirs of Whitney Washam, deceased, and for the benefit of all parties entitled to bring such cause of action under said Articles 4671 et seq. and 5525, V.A.T.S." The Washams alleged further that they were "brought so close to the reality of Whitney's suffering and death as to render the physical damages that [they] suffered from the mental anguish [they] experienced, an integral and/or foreseeable [sic] part of the damages proximately caused by Dr. Hughes' negligence." The Washams prayed to recover, "pursuant to Article 4671 *et seq.* ... all other damages, including mental anguish and loss of consortium with WHITNEY proximately caused by Defendant's negligence; resulting in Whitney's death."

The Washams' suit was grounded upon the Wrongful Death and Survival Statutes. Pursuant to the Wrongful Death Statute, they claimed conventional pecuniary losses. In addition, pursuant to that statute, it appears they claimed damages for mental anguish suffered themselves resulting from the death of their daughter.

made on the omitted element. 3 McDonald, *Texas Civil Practice* § 12.36.7, at 441 (1970 rev. ed.). In the absence of a finding, the Washams' burden on appeal is to demonstrate physical illness or injury was conclusively shown by the evidence. This they have not done. The point of error is overruled.

 The Washams' other point of error is that the district court erred in failing to grant a new trial in that the jury's refusal to find that Hughes' negligence proximately caused the child's death was in fatal conflict with the jury's answer to special issue nine. We do not regard the jury's answers to be conflicting. There was evidence from which the jury could have determined mental injury to the parents apart from the death of the child. In fact, Linda Washam testified that she was upset prior to the time of the child's death. The jury could have concluded that Hughes' conduct caused mental anguish to the parents although it did not cause the child's death. The point is overruled.

The judgment is affirmed.

Affirmed.