John H. CARRELL, et al., Appellants,

v.

Jerry RICHIE, Appellee.

No. 14397.

Court of Appeals of Texas,
Austin.

Aug. 28, 1985.

Rehearing Denied Sept. 18, 1985.

E. Hazen Woods, Jr., Phillips, Neal &
Woods, Austin, for appellants.

Patton G. Lochridge, McGinnis, Lochridge & Kilgore, Austin, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

BRADY, Justice.

Appellant Carrell appeals from a judgment reached after a bench trial in which appellee Richie was awarded $25,000 actual and $75,000 exemplary damages for assault. We will affirm the judgment of the trial court.

On July 12, 1983, appellant Carrell went to appellee's office over a dispute concerning payment of a real estate commission earned by appellee. Appellant became embroiled in a violent argument, tore up a demand letter that appellee had previously written to him and threw it into appellee's face. Appellant then pushed or flipped appellee's desk over, breaking it into pieces. Immediately thereafter, appellant grabbed appellee by the throat and raised his arm as if to strike appellee. Upon hearing appellee's cries for help, a secretary came into the office. It was at this moment that appellant released his hold on the appellee and left the premises. No blow was actually struck by appellant. The extensive testimony in this cause indicated that starting in 1982, the two parties had both a business and a personal relationship. Appellant is a home builder. Appellee Richie is a real estate broker who had assisted appellant in acquiring building lots and buying and selling homes and other property in Austin. In one transaction, the evidence indicated that through advice of appellee, appellant had purchased five lots with a $5,000 earnest money investment. This resulted in a subsequent sale which netted appellant a total profit of $200,000. Appellee was to receive a 6% realtor's commission for the sale of these lots. Despite his profit, appellant refused to pay the commissions to appellee after appellee had procured willing buyers. On July 12, 1983, the date of the assault, appellee was already aware of several violent incidents in appellant's past. Apparently, some years prior to the assault, appellant had bragged about an incident in which he had either killed or seriously injured a man who had pulled a pistol on appellant. Other violent acts in the appellant's past included appellant's attack on a sixty-year-old man in a dispute over some carpet. Appellant apparently broke the man's desk, throwing it onto him, and striking him with a shoe. Further, there was a dispute over a framing job when appellant apparently struck and knocked down one Jeff Newman in a fist fight. On another occasion, appellant had "threatened to throw an architect out the window." The evidence indicated that appellant, a former professional football player, was six feet and three inches tall and weighed over 225 pounds. Likewise, appellant had convinced appellee that he had good reason to fear physical violence from appellant. At the trial, appellant admitted the assault.

Appellant argues four points of error, three of which are concerned with the actual and exemplary damages awarded appellee by the trial court. The contention of appellant is that because there were no actual physical blows struck, that the actual damages of $25,000 awarded by the trial judge was excessive. Further, because there was no future mental or physical pain, the appellant suggests a remittitur of $20,000 to reduce the actual damages for mental pain to $5,000. At the trial, appellee testified to continuing fear of appellant, and cited an occasion when the rear window of his car was shot out or was smashed. An act appellee is convinced was perpetrated by appellant. On another occasion, appellee found himself in a position of having to cross the path of appellant's vehicle. The clear implication from the record is that under the facts appellee was concerned that appellant would try to run him over. This apprehension was created when appellant motioned to appellee to walk in front of the vehicle as appellant gunned the engine. Evidence in the record included vivid descriptions of the fear, trepidation, humiliation and embarrassment inflicted on appellee by appellant. Richie testified that these incidents have made

him afraid to go out into subdivisions where he makes his living. Such fear of appellant is exemplified by an incident which occurred a year after the assault, approximately four months before trial. Appellee was out alone in a subdivision looking at a home under construction on a dead-end street. While in the house, appellee saw appellant drive by slowly. Knowing that appellant would have to turn around and drive back on the dead-end street, appellee jumped into his car "terrified and sped away."

■ Appellant made no request for findings of fact and conclusions of law from the trial court. In his brief, appellant states that he "presumes the trial court did not commit error by including any award for future pain and suffering in his award of actual damages," and says that this point of error is directed at any implied findings of future pain and suffering. Without findings of fact and conclusions of law, this Court can consider only the evidence favorable to the verdict and judgment, and disregard all evidence or inferences to the contrary. *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274 (Tex.1979). We must presume on appeal that the trial court did not consider improper evidence in awarding actual damages. The award must be affirmed if there is any evidence to support such an award. From all of the evidence reported above, we cannot say that the trial court erred in awarding appellee $25,000 actual damages for mental pain and suffering due to the evidence of continuing fear which appellant's past and continued activities have instilled in appellee. We do not agree that under the facts in this record that such award by the trial judge is excessive.

■ Appellant concedes that pain and suffering has no price in the open market, and compensation for pain and suffering are not capable of being exactly and accurately determined. The amount to be awarded in any case must be left to the sound discretion of the trier of fact.

Turning to the exemplary damages, and appellant's third point of error: The trial court originally set the exemplary damages at $200,000. Upon hearing appellant's Motion for New Trial, and the evidence adduced thereby, the trial court entertained a remittitur in the amount of $125,000, thus making the exemplary damages $75,000.

■ The recent decision of *Hofer v. Lavender*, 679 S.W.2d 470 (Tex.1984) is instructive in this matter. The Texas Supreme Court held that "punishment of the wrongdoer is one purpose of exemplary damages." *Id.* at 474. The Court went on to state that "another of the purposes of such damages is to serve as an example to others." *Id.* at 474. Appellant cites the case of *Jameson v. Zuehlke*, 218 S.W.2d 326 (Tex.Civ.App.1949, writ ref'd n.r.e.) in which the court reduced exemplary damages for malicious prosecution for the maximum allowed by the fine in the criminal statute; appellant argues that the exemplary damages here should be reduced to the criminal fine of $2,000. Again, without findings of fact and conclusions of law requested by appellant or made by the trial court, all questions of fact will be presumed found in support of the judgment which must be upheld on any legal theory supported by the pleadings and the evidence. *Carter, supra;* and *Leach v. Eureka Life Ins. Co.*, 580 S.W.2d 628 (Tex.Civ. App.1979, writ ref'd n.r.e.). As to the ratio between actual and exemplary damages, the trial court award here is well within the range of acceptable ratios under previous Texas decisions. *See Carr v. Galvan*, 650 S.W.2d 864 (Tex.Civ.App.1983, writ ref'd n.r.e.) approving a fourteen to one ratio in an assault case. *See also Kraus v. Alamo National Bank of San Antonio*, 586 S.W.2d 202 (Tex.Civ.App.1979), aff'd, 616 S.W.2d 908 (Tex.1981), approving a twenty to one ratio. In the instant case, the ratio originally was eight to one before the trial court granted remittitur, and it is now three to one. Appellant's third point is overruled.

■ Finally, appellant complains of the trial court's granting of a permanent injunction. The complaint is made that the

court erred in failing to comply with Tex.R. Civ.P.Ann. 683 (Supp.1985). However, this rule is not applicable to permanent injunctions. *See Spinuzzi v. Town of Corinth,* 665 S.W.2d 530 (Tex.Civ.App.1983, no writ). Rule 683 applies only to orders granting temporary injunctions. *City of Houston v. Morgan Guaranty International Bank,* 666 S.W.2d 524, 536 (Tex.Civ.App.1983, writ ref'd n.r.e.).

Appellee's cross points that the trial court erred in ordering the remittitur of $125,000 exemplary damages and admitting evidence at the hearing on appellant's Motion for New Trial, are without merit and are overruled.

The judgment of the trial court is affirmed.

SHANNON, Chief Justice, dissenting.

The parties recognize the rule that to recover for mental suffering one must prove some physical illness or injury accompanied, or produced by, the mental injury except in cases of intentional tort or gross negligence. *Duncan v. Luke Johnson Ford, Inc.,* 603 S.W.2d 777 (Tex.1980); *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931 (Tex.1980); *Gulf, C. & S.F. Ry. Co. v. Hayter,* 93 Tex. 239, 54 S.W. 944 (Tex.1900); *Hill v. Kimball,* 13 S.W. 59 (Tex.1890); *Washam v. Hughes,* 638 S.W.2d 646 (Tex.App.1982, writ ref'd n.r.e.).

Richie claims, of course, that he suffered mental injuries sustained as the result of Carrell's intentional tort. The district court agreed and awarded Richie $25,000 for mental distress and anguish.[1] Under these facts, I regard that award as excessive.

Mental anguish has been defined as "a high degree of mental suffering" and "intense pain of body or mind." *McAllen Coca Cola Bottling Co., Inc. v. Alvarez,* 581 S.W.2d 201, 204 (Tex.Civ.App.1979, no writ); *Dennis Weaver Chevrolet, Inc. v.*

*Chadwick,* 575 S.W.2d 619, 622 (Tex.Civ. App.1978, writ ref'd n.r.e.); *Western Union Telegraph Co. v. Chamberlain,* 169 S.W. 370, 371 (Tex.Civ.App.1914, no writ). The term "anguish" is derived from the Latin word "anguis," a snake, referring to the writhing and twisting of the animal body when in great pain. *Dennis Weaver Chevrolet, Inc. v. Chadwick, supra* at 622; *Western Union Telegraph Co. v. Chamberlain, supra.* In order to recover for mental anguish, it is necessary to show something more than mere worry, anxiety, vexation or anger. *Ryder Truck Rentals v. Latham,* 593 S.W.2d 334, 339 (Tex.Civ. App.1979, no writ); *Cactus Drilling Company v. McGinty,* 580 S.W.2d 609 (Tex.Civ. App.1979, no writ).

Carrell's bullying stunt in Richie's office is indefensible, and I agree in the affirmance of the judgment for exemplary damages. Even so, Carrell's roughneck conduct does not relieve Richie of his burden to prove up damages in his separate claim for mental distress and anguish.

Richie's evidence, in summary, was that because of the assault and battery, he was "frightened" and "humiliated." At the time of the assault, the proof supports Richie's assertion that, as a result of the assault, he was scared and ashamed. For that mental distress and anguish he should be compensated. Nevertheless, beyond that point, there was not much evidence of mental suffering and such proof, that there was, does not reach the level of intense pain of mind necessary to recover for mental anguish. In support of his contention of a continued fearful state of mind, Richie recited that he saw Carrell two or three times and that, as a result, he was "terrified." Doubtless, his sighting of Carrell recalled to Richie the assault which was not a pleasant memory, but Richie did not testify, for example, that such "terror" caused him to lose any real estate commissions or resulted in his dropping any deals.

1. As matter of fact, the judgment provides that Richie recover from Carrell $25,000 "as compensatory damages for injuries to [Richie] and [Richie's] personal property ..." As Richie proved up no damages other than those directed towards mental injuries, we may conclude that the award is solely in response to his claim for mental distress and anguish.

For all this record shows, Richie was capable of carrying on his business and daily life. In addition, it is unmistakable that his state of mind was not such that Richie thought it necessary to seek medical assistance.

Pursuant to Tex.R.Civ.P.Ann. 440 (Supp. 1985) a court of appeals, if the court is of the opinion that the verdict and judgment of the trial court are excessive, may suggest remittitur of the excess, and if remittitur is not filed, the appellate court may reverse the trial court's judgment. The court of appeals is required to exercise its sound judicial judgment and discretion in the ascertainment of what amount would be reasonable compensation for the injury sustained, and treat the balance as excess. *Wilson v. Freeman,* 108 Tex. 121, 185 S.W. 993 (Tex.1916). In determining whether the verdict of the jury was excessive, the court of appeals must first arrive at a conclusion, after a review of the evidence, as to what sum would be held to be reasonable if it had been assessed by the fact finder. *Texas & N.O.R. Co. v. Syfan,* 91 Tex. 562, 44 S.W. 1064 (1898); *Missouri-Kansas-Texas Railroad Company v. Pierce,* 519 S.W.2d 157 (Tex.Civ.App.1975, writ ref'd n.r.e.); *Atchison, Topeka & Santa Fe Railway Company v. Ham,* 454 S.W.2d 451 (Tex.Civ.App.1970, writ ref'd n.r.e.).

The district court was empowered to assess damages for mental distress and anguish should it conclude under the proof that Richie's mental distress amounted to a level of intense pain of mind. As previously written, Richie testified that he was frightened and humiliated. It is plain that most of Richie's emotional travail occurred at the time of the assault. The proof of mental distress beyond that time is indeed scanty and that proof is not indicative of compensable pain of mind.

After a consideration of all of the evidence in support of the district court's award of $25,000, I have concluded reasonable compensation for Richie's mental suffering to be $10,000. Beyond that sum, I regard the court's judgment as excessive and not supported by the evidence. Considering the evidence and the law relating to recoveries for mental anguish, I conclude, under Tex.R.Civ.P.Ann. 440, the judgment to be excessive and I would suggest a remittitur of $15,000.